UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| RANDALL C. TRENT #251451 ) | |
| ) | |
| v. ) | NO. 2:06-CV-143 |
| ) | |
| DIANE DRAPPER, M.D.; ) | |
| PENNY TESTER, L.P.N., ADM'R; ) | |
| MELISSA MINTON, L.P.N.; and ) | |
| CHERYL CARTER , L.P.N. ) | |
| ) | |

## **MEMORANDUM and ORDER**

Randall C. Trent, a prisoner in the Sullivan County Detention Center (SCDC), brings this *pro se* civil rights case for damages and other types of relief under 42 U.S.C. § 1983 against four members of the SCDC medical staff. The plaintiff is **ASSESSED** the civil filing fee of $350.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

        <u>or</u>

    (b)    twenty percent (20%) of the average monthly

> balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, and to George Little, Commissioner of the Tennessee Department of Correction (TDOC), to ensure compliance with the above fee-assessment procedures.

In his form complaint, the plaintiff alleges that he is a diabetic; that on April 9, 2006, defendant doctor Diane Drapper changed his medication (the dosage and manner in which it was administered) for financial reasons without first examining him or speaking with him; and that the modification to his insulin regime has caused him to suffer adverse symptoms and constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

---

[1] Send the payments to:     Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

Case 2:06-cv-00143   Document 5   Filed 08/15/06   Page 2 of 6   PageID #: 2

The plaintiff's second claim is that on May 10, 2006, defendant nurse Melissa Minton opened a new box of test strips to check his blood sugar levels, but did not know how to calibrate the glucometer. The Plaintiff asserts that, had he not intervened (presumably, to calibrate the glucometer), he would have been given an incorrect dosage of insulin because, without proper calibration, the machine will give a false reading. Also, he maintains that defendant Minton has been negligent and has engaged in deliberate indifference to his medical needs by refusing to check his blood sugar level when necessary and to give him oral medication. This too has caused him to suffer physically and mentally.

His third claim is that defendant nurse Cheryl Carter, who was making medical rounds one day, refused to stop to check his blood sugar level and administer necessary medication, but told him she would check it when she had time. Fifteen minutes later, the plaintiff was taken to the medical unit because he was nearly unconscious. When checked, his blood sugar level was found to be dangerously low. Moreover, several times, when the plaintiff was transported to court, defendant Carter would not check his blood sugar level or administer medication because she would have had to walk downstairs to the court room. Defendants Carter and Minton both informed him that if he was not in his cell at medication time, he would not receive any type of medical treatment at all. The above conduct, he claims, also evinces

3

deliberate indifference to his medical needs.

The plaintiff's next claim is that it violates his Eighth Amendment rights for defendant nurse Penny Tester to serve as SCDC Medical Administrator without possessing a four-year collage degree and to change the type and dosage of the plaintiff's medication without reason, even though she is not a physician and not legally-qualified to diagnose conditions and to dispense or deny medications.

Finally, he claims that defendant Tester, though she had no knowledge of his blood sugar level, had his food withheld and had him confined in a cell located in the area of the jail where maximum security inmates are held. The plaintiff alleges that, during his forty days in the cell, the inmate in the adjoining cell threw feces on him; that another inmate attacked him; that he has been denied access to the law library; that he has been denied an opportunity to attend church; and that he has been denied an in-cell shower. (The guards escort him to and from his cell to a shower.)

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning every single claim stated in the complaint, *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), as to each defendant associated with the claims. *Burton*

4

*v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Even where money damages are unavailable through the prison grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001); *accord, Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

Exhaustion is mandatory, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and a district court must enforce this requirement *sua sponte*. *Brown*, 139 F.3d at 1104. A prisoner bears the burden of showing that he has exhausted his remedies. *Id.*

In this case, the plaintiff maintains, in section II of his form complaint, that the SCDC has a prisoner grievance procedure and that he has filed numerous grievances relating to his "medical issue." He has attached copies of his grievances showing that he offered his complaints about his medical treatment to the jail authorities for resolution. However, he does not allege that he filed grievances related to his other claims (i.e., conditions of confinement; denial of a law library; and opportunity to practice his religion).

Accordingly, because the plaintiff has the burden of showing administrative exhaustion with respect to each claim raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Finally, the plaintiff has filed a motion seeking a transfer to another

5

facility, contending that, since he filed his complaint, his medical care has become more negligent and his health has worsened because the guards informed the health care officials of this suit. Though most of the allegations presented in the motion were included in the instant complaint, to the extent that the motion asserts that the plaintiff is being harassed for filing this instant lawsuit, *see Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc) (prison officials may not retaliate against an inmate for exercising his constitutional right to file a civil rights action), the plaintiff may not use a motion for a court order as a means to circumvent the requirements of § 1997e(a). Put simply, any new claim, including a retaliation claim, must be raised by filing a new complaint, after the claim has been administratively exhausted. Therefore, the plaintiff's motion for a court order is **DENIED** (Doc. 4).

A separate order will enter.


**ENTER**:

                                    s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE